USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 1 5 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Saidah R. Ocamp,

        Plaintiff,

–v–

Police Officer John Doe et al.,

        Defendant.

13-cv-5284

ORDER

ALISON J. NATHAN, District Judge:

    Before the Court is a report and recommendation from United States Magistrate Judge Henry Pitman recommending sua sponte that this action be dismissed with prejudice on the ground that Plaintiff has abandoned her claims and failed to prosecute this action. Dkt. No. 11.

## I. BACKGROUND

    The Court assumes familiarity with Judge Pitman's report and recommendation, which was issued on May 15, 2014 along with a notice informing the parties of their right to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b). Dkt. No. 11 at 3. Because neither party filed an objection, the Court reviews the report and recommendation for clear error. § 636(b)(1).

## II. DISCUSSION

    "Although the language of Rule 41(b) 'expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.'" *Blake v. Payane*, No. 08 Civ. 0930, 2012 U.S. Dist. LEXIS 15120, at *4-5 (S.D.N.Y. Feb. 7, 2012) (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). The Second Circuit has held that

> a district court contemplating dismissing a plaintiff's case, under rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2]

> whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assess the efficacy of lesser sanctions."

*LeSane*, 239 F.3d at 209 (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).

Judge Pitman's report and recommendation did not systematically go through these considerations, but its summary of the procedural history of the case provides a sufficient basis to conclude that dismissal for failure to prosecute is warranted in light of the Second Circuit's standard for Rule 41(b) dismissals. Plaintiff commenced this action on July 25, 2013 by filing a summons and complaint. Dkt. No. 11 at 1; Dkt. No. 1. Judge Pitman then directed Plaintiff to file an amended complaint substituting the true name of the Defendant after the City of New York provided Plaintiff with the true name of the individual. Dkt. No. 11 at 1; Dkt. No. 8. He also extended the deadline for completion of service until January 31, 2014. Dkt. No. 11; Dkt. No. 8. After hearing nothing from the Plaintiff, Judge Pitman issued another order on February 11, 2014 directing Plaintiff to file her amended complaint by March 21, 2014 and cautioning her that failure to do so would result in dismissal. Dkt. No. 11 at 1-2; Dkt. No. 10. Copies of both the October and February Orders were mailed to the only address Plaintiff ever provided to the Court, but were returned as undeliverable. Dkt. No. 11 at 2. Plaintiff failed to comply with Judge Pitman's orders and has made no contact with the Court since filing her Complaint. As noted above, she also failed to object to Judge Pitman's report and recommendation, which was filed three months ago. Therefore, the Court finds no clear error with Judge Pitman's report and recommendation to dismiss Plaintiff's claim for failure to prosecute.

The Second Circuit has noted that "Rule 41(b) dismissal remains a 'harsh remedy to be utilized only in extreme situations,'" *LeSane*, 239 F.3d at 209 (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)), and that it is a remedy that should be "employ[ed] only when [the district court] is sure of the impotence of lesser sanctions.'"

*Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (quoting *Martens v. Thomann*, 273 F.3d 159, 179 (2d Cir. 2001)). The Court concludes that such a sanction is warranted here where the Court has not received any communication from Plaintiff since the Complaint was filed in this action well over a year ago. *See, e.g., Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 178 (2d Cir. 2008) ("[I]n light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case."); *Lehman v. Garfinkle*, No. 08 Civ. 9385 (SHS), 2013 U.S. Dist. LEXIS 149016, at *9 (S.D.N.Y. Oct. 16, 2013) ("Lehman has still not responded to this Court's September 24 order to show cause, making it unclear how any sanction short of dismissal with prejudice would prove effective."); *Blake*, 2012 U.S. Dist. LEXIS 15120, at *5-6 (dismissing case with prejudice for failure to prosecute after substantial period of time passed with no contact from plaintiff); *Jones v. Reid*, No. 85 Civ. 4515 (PKL), 1990 U.S. Dist. LEXIS 14591, at *7 (S.D.N.Y. Oct. 25, 1990) (dismissing case with prejudice due "plaintiff's refusal to comply with [magistrate judge's] repeated orders [that] caused [the] case to stagnate for almost a year").

### III. CONCLUSION

Therefore, the Court adopts Judge Pitman's report and recommendation and the action is hereby dismissed with prejudice for failure to prosecute.

SO ORDERED.

Dated: Aug. 15, 2014
New York, New York

ALISON J. NATHAN
United States District Judge